IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY ELIZABETH BEVEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-11-1410-D |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for disability benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Shon T. Erwin for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B) and (C).

On February 7, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 15] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008); *Washington v. Shalala*, 37 F.3d 1437, 1439-40 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record," constitutes a mere conclusion, or amounts to no more than a mere scintilla. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

In this case, following the hearing on Plaintiff's application for disability benefits, the Administrative Law Judge ("ALJ") issued his decision. The ALJ applied the five-step sequential analysis required by the Social Security Administration regulations, 20 C. F. R. § 404.1520. After concluding at the second step that Plaintiff has severe impairments including degenerative disc disease of the lumbar spine, depressive disorder, and anxiety disorder, the ALJ determined that none of her impairments, singly or in combination, constituted presumptively disabling impairments under the Social Security Administration regulations. As noted in detail at page 3 of the Report and Recommendation, the ALJ next considered whether Plaintiff retained the residual functional capacity to perform some tasks, and he concluded the evidence showed she had some physical limitations regarding the ability to lift and climb, but could lift certain weights, occasionally climb stairs, but never climb ladders. She could also sit and stand for specified periods. The ALJ also noted she had some limitations based on psychological factors, but could follow simple instructions and some complex instructions, and was able to sustain concentration and persistence for extended time periods. He also found the evidence showed she could interact with coworkers, supervisors, and the public, and could respond to changes in the workplace.

Based on the evidence, the ALJ concluded that Plaintiff was unable to perform her past relevant work as a licensed practical nurse, office nurse, or cook. After considering the evidence and the testimony of a Vocational Expert, the ALJ concluded Plaintiff could perform representative occupations such as housekeeping cleaner. He thus concluded that she was not disabled within the

meaning of the Social Security Act. In the Report and Recommendation, the Magistrate Judge found no error in the ALJ's decision, and found that decision was supported by substantial evidence in the record.

In objecting to the Report and Recommendation, Plaintiff asserts the same contentions as were raised in her initial brief seeking review of the decision. She contends the ALJ failed to properly evaluate the medical evidence in the record, to adequately address Plaintiff's obesity, and to assess her credibility. Additionally, Plaintiff contends the Magistrate Judge improperly added to the ALJ's analysis and made factual conclusions from the record which were not included in the ALJ's decision.

With respect to the ALJ's assessment of the medical evidence, the Court agrees with the Magistrate Judge that there was no error in the evaluation of that evidence. Plaintiff correctly argues that the opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record. *See, e.g., Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If the treating physician's opinion is deficient in either respect, however, it is not entitled to controlling weight. *Id.* Where the opinion is not given controlling weight, the ALJ must explain the reasons for the weight given. *Id.* at 1300-01.

In this case, Plaintiff contends the ALJ failed to give controlling weight to the opinion of Dr. Boyce R. Coleman, who completed two forms, a "Medical Source Statement-Physical" and a "Medical Source Statement-Mental," which reflected that Plaintiff could lift less than five pounds frequently and occasionally, sit for one hour continuously for a total of less than two hours in an eight-hour workday, and could never climb, stoop, kneel, or crouch. He also stated she could only

occasionally balance, crawl, or reach, but could frequently handle, finger, and feel, but he said she would be required to lie down during the day.  With respect to her mental impairments, Dr. Coleman opined that she had marked limitations on her ability to remember locations and work-related procedures, as well as limitations on her ability to understand and carry out very short and simple instructions.  He also opined that she had marked limitations on her ability to perform activities on schedule, and her ability to sustain an ordinary work schedule and make work-related decisions.

As the Magistrate Judge explained in detail, if a treating physician's opinion is not given controlling weight because it is not supported by medically acceptable clinical or laboratory diagnostic techniques, the ALJ cannot reject it entirely, and must determine the degree of weight to be afforded.  At pages 7 through 9 of the Report and Recommendation, the Magistrate Judge correctly explained the factors to be applied by the ALJ in making this determination.  That discussion need not be repeated in this Order, but is adopted as though fully set forth herein.  The Magistrate Judge then reviewed the record to determine if the ALJ in this case applied the proper factors in assessing Dr. Coleman's opinion.  He concluded that the record reflects no error in this regard.

The Court agrees.  As discussed at pages 9 and 10 of the Report and Recommendation, the ALJ reviewed Dr. Coleman's treatment records as well as the other medical evidence in the record, and concluded that Dr. Coleman's assessment of Plaintiff's physical and mental limitations is not supported by the other substantial evidence, but appears to be based on Plaintiff's own comments.  Other medical evidence in the record reflects that other treating physicians associated with Dr. Coleman had treated Plaintiff and did not find the limitations noted by Dr. Coleman.

The Court agrees with the Magistrate Judge that the ALJ committed no error in assessing the evidence or in determining the weight to be afforded to Dr. Coleman's opinion, and there is substantial medical evidence in the record to support the ALJ's conclusions.

With respect to Plaintiff's contention that the ALJ did not properly consider her obesity, the Magistrate Judge correctly noted that the ALJ did recognize that she is obese. The ALJ discussed the Social Security ruling regarding the evaluation of obesity, including the effect of obesity on a claimant who, like Plaintiff, has musculoskeletal impairments. The ALJ's decision reflects no error in his application of the ruling to Plaintiff, and it includes findings based on the evidence. The Court agrees with the Magistrate Judge that the ALJ did not err in his conclusions regarding Plaintiff's obesity.

The Court also agrees that the ALJ did not err in his assessment of Plaintiff's credibility. At pages 12 and 13 of the Report and Recommendation, the Magistrate Judge discussed the legal standards applicable to credibility determinations, including a claimant's subjective allegations of pain. He then reviewed the ALJ's decision to determine whether proper findings were made in applying those legal standards to the evidence in this case. The Court finds no error in the ALJ's assessment of Plaintiff's credibility in this regard, and concludes that assessment is supported by substantial evidence in the record.

Plaintiff's objection to the Report and Recommendation also argues that the Magistrate Judge improperly went beyond the ALJ's findings and conclusions and supplemented the decision with additional evidence in the record. As Plaintiff points out, where an ALJ does not support a decision with findings based on evidence in the record, it is improper to supplement the decision or "draw factual conclusions on behalf of the ALJ." *Drapeau v. Massanari,* 255 F.3d 1211, 1214 (10th

Cir. 2001). Plaintiff contends that the Magistrate Judge improperly supplemented the ALJ's decision regarding the medical evidence and added analyses which were not provided by the ALJ.

The Court disagrees. A review of the Report and Recommendation reflects that the Magistrate Judge noted the ALJ's conclusions and findings as supported by references to specific evidence in the record. The Court finds no improper supplementation of the decision by the Magistrate Judge.

Accordingly, the Court concludes that the Report and Recommendation [Doc. No. 16] should be, and is, adopted as though fully set forth herein. The Commissioner's decision denying Plaintiff's application is supported by substantial evidence in the record, and is not based on error. The decision of the Commissioner is affirmed.

IT IS SO ORDERED this 28th day of March, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE